IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES,<br><br>    Plaintiff,<br><br>v.<br><br>ACCU-BALANCE ASSOCIATES INC,<br><br>    Defendant.<br>_____/ | No. C-06-0772 CW (EDL)<br><br>**REPORT AND RECOMMENDATION RE: PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT** |

On February 3, 2006, Plaintiffs filed a complaint under Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132, and Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185(a), alleging that Defendant violated a collective bargaining agreement and certain Trust Agreements. The complaint sought an order requiring Defendant to permit Plaintiffs to examine all of Defendant's past payroll books and records for the purpose of ascertaining the amounts owed by Defendant for the period April 1, 2002 through March 31, 2005, an order requiring Defendant to pay the amounts determined by the audit to be due, including liquidated damages and interest, an order enjoining Defendant from violating the terms of the collective bargaining agreement and the Trust Agreement, costs and attorney's fees and such other relief as the court deems proper.

On October 19, 2006, Defendant was served with the complaint. Defendant failed to answer the complaint or otherwise defend the action. On November 29, 2006, upon Plaintiffs' request, the Clerk of this court entered Defendant's default under Federal Rule of Civil Procedure 55(a). By its default, Defendant is deemed to have admitted the well-pleaded averments of the complaint except those as to the amount of damages. See Fed. R. Civ. P. 8(d). In this Motion for Default Judgment, Plaintiffs seek costs and fees, as well as the right to audit Defendant's books and records.

Plaintiffs' Motion for Default Judgment was referred to this Court pursuant to Civil Local Rule 72-1. Plaintiffs' application for default judgment against Defendant came on for hearing on January 23, 2006. Plaintiff appeared at the hearing through counsel Michael Carroll. Defendant did not appear for the hearing.

**DISCUSSION**

A court may not enter a default judgment against an unrepresented minor, an incompetent person, or a person in military service. See Fed. R. Civ. P. 55(b)(2); 50 App. U.S.C. § 520. As a corporation, Defendant is not a unrepresented minor, an incompetent person or person in military service, or otherwise exempted from default judgment. See Compl. ¶ 3 (Defendant is a corporation residing and doing business in San Jose, California); Declaration of Mark Van Den Heuvel ¶ 2 (Defendant is a California corporation).

Plaintiffs have the burden of proving their entitlement to relief through testimony or written affidavit. To that end, Plaintiffs submitted the declarations of: Tim Hallenbeck, custodian of records for Lindquist LLP, Certified Public Accountants; Bonnie Maraia, a manager and custodian of records for Benesys, administrators of the Sheet Metal Workers Helth Care Plan of Northern California, Sheet Metal Workers Pension Trust of Northern California, Sheet Metal Workers Local 104 Vacation, Holiday Savings Plan; Mark Van Den Heuvel, Business Representative and custodian of records for Sheet Metal Workers Local Union No. 104; and Michael Carroll, Plaintiffs' counsel. The evidence establishes that, as of the signature date of May 19, 1999, Defendant was bound by the terms and conditions of the Standard Form of Union Agreement and Addenda thereto effective through June 30, 2006 ("Collective Bargaining Agreement"). See Declaration of Mark Van Den Heuvel at ¶ 2, Ex. 1, Compl. ¶ 5. Defendant is also subject to the provisions of the Trust Agreement of the Sheet Metal Workers Pension Trust of Northern California ("Trust Agreement"), which is incorporated by reference into the Collective Bargaining Agreement. See Maraia Decl. at ¶ 3, Ex. 2; see also Compl. ¶ 5. The Collective Bargaining Agreement remained in full force and effect. See Van Den Heuvel Decl. ¶ 2. Defendant has acknowledged that it is bound by the Collective Bargaining Agreement by adhering to its terms and conditions, including payment of trust fund contributions to Plaintiffs. See Van Den Heuvel Decl. ¶ 2.

On October 25, 2005, October 27, 2005, November 3, 2005, November 14, 2005, and November 18, 2005, Plaintiffs sought access to Defendant's books and records in accordance with the Collective Bargaining Agreement and Trust Agreement. See Hallenback Decl. ¶ 4; Hallenback Decl. Ex. 1 (letter listing telephone contacts); Maraia Decl. ¶ 4 and Ex. 2 at Art. III(D). Defendant has breached the Collective Bargaining Agreement by refusing access by Plaintiffs' accountant to its books and records for an audit. See Hallenback Decl. at ¶ 4; Maraia Decl. ¶ 2. The Complaint seeks auditor access to all past payroll books and records. See Compl. Prayer Item 1. Plaintiffs now seek an audit of Defendant's books and records to determine whether Defendant has made full and prompt payment of all fringe benefits contributions during the period April 2, 2002 to March 31, 2005. Because the Collective Bargaining Agreement provides for an audit, Plaintiffs are entitled to examine Defendant's books and records.

Reasonable attorney's fees and costs of action shall be awarded to a Trust Fund or Employee Benefit Plan that receives a judgment in its favor. See 29 U.S.C. § 1132(g)(2)(D); Maraia Decl. Ex. 2 at Art. III(E). Plaintiffs have submitted the declaration of attorney Michael Carroll to prove attorney's fees and costs. Mr. Carroll calculates that, at a rate of $185.00 per hour, attorneys' fees of $555.00 have accumulated. See Carroll Decl. at ¶ 5. The amount of time expended and the billing rate are reasonable given the work performed. Mr. Carroll calculates Plaintiffs' costs for prosecuting this action to be $525.00, consisting of the filing fee and service of process. See Carroll Decl. at ¶ 2 and Ex. 5. These costs are reasonable and should be reimbursed.

**CONCLUSION**

For the reasons set forth above, and for good cause shown, It Is Hereby Recommended that the following default judgment be entered:

This Court having previously entered default against Defendant, and Plaintiffs having applied to this Court for the entry of default judgment,

IT IS ORDERED that:

1. Attorneys' fees and costs are awarded in the amount of $555.00 in attorney's fees, and $525.00 in costs.

2. Defendant is ordered to immediately submit to an audit. Defendant will make available to

plaintiffs the following records, for the time period April 2, 2002 to March 31, 2005: time cards, payroll journals, payroll check registers, cancelled payroll checks, copies of the Employer's federal, state and local payroll tax reports, and all other documents reflecting the hours and wages of employees.

Any party may serve and file specific written objections to this recommendation within ten (10) working days after being served with a copy.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Civil Local Rule 72-3.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.

**IT IS SO ORDERED.**

Dated:   January _23___, 2007

ELIZABETH D. LAPORTE
United States Magistrate Judge